IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARCH SPECIALTY<br>INSURANCE COMPANY<br><br>    Plaintiff,<br><br>vs.<br><br>BCAC UNDERGROUND, LLC<br><br>    Defendant. | § § § § § § § § § § § | CASE NO. _____ |

**PLAINTIFF ARCH SPECIALTY INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Arch Specialty Insurance Company ("Arch") files this Original Complaint for Declaratory Judgment against Defendant BCAC Underground, Inc. ("BCAC"):

**NATURE OF ACTION AND RELIEF SOUGHT**

1. Arch, as the insurer for Coleman Industrial Construction ("CIC"), brings this action for declaratory relief against BCAC seeking a declaration regarding its obligations of insurance coverage and the duty to defend and indemnify BNSF Railway Company ("BNSF"). Arch will show that it has no duty to defend and indemnify BNSF with insurance coverage under the applicable contracts and insurance policy in connection with the lawsuit in Cause No. 2021-003345-1; *Wyatt Reynolds v. BNSF Railway Company and Coleman Industrial Construction, Inc.*; In the County Court No. 1 of Tarrant County, Texas (hereinafter the "Reynolds Litigation").

## PARTIES

2.   Plaintiff Arch Specialty Insurance Company is incorporated in the State of Missouri with its principal place of business in Kansas City, Missouri.

3.   Defendant BCAC Underground, LLC is incorporated in the State of Texas at 500 Airport Freeway, Haltom City, Texas 76117-6250 and may be served with process through its registered agent United States Corporation Agents, Inc. at 9900 Spectrum Drive, Austin, Texas 78717.

## JURISDICTION AND VENUE

4.   This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of the minimum jurisdictional limits of this Honorable Court.

5.   Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(a)-(c) because the lawsuit giving rise to the claims was filed and settled in Tarrant County, Texas which is within this judicial district.

## FACTS

6.   Effective May 21, 2019 CIC and BCAC entered into a Subcontract for Building Construction (the "Subcontract") concerning work the parties would be doing at the BNSF Railyard/Eastern Fuel Pad in Amarillo, Texas.

7.   Wyatt Reynolds brought suit against CIC and BNSF in the County Court of Law No. 1 in Tarrant County, Texas for personal/bodily injury damages arising from an incident that occurred on or about June 18, 2019 when Reynolds was working as an employee of BCAC

(Cause No. 2021-003345-1; *Wyatt Reynolds v. BNSF Railway Company and Coleman Industrial Construction, Inc.*;) (hereinafter the "Reynolds Litigation").[1] BNSF made a tender for defense and indemnity to CIC for the Reynolds Litigation pursuant to a Construction Services Agreement ("the CSA") between the parties. Neither CIC nor Arch has accepted that tender to date.

8. Arch has made a tender of defense and indemnity to BCAC pursuant to the Subcontract, but BCAC has not responded.

9. Regarding insurance, the Subcontract sets forth the following:

"**12.1 SUBCONTRACTOR'S PERFORMANCE**. To the fullest extent permitted by law, [BCAC] shall indemnify and hold harmless [BNSF], the Architect, [Coleman] (including its affiliates, parents and subsidiaries)…from and against all claims, damages, loss and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of [BCAC's] Work.[2]

Accordingly, the Subcontract provides that BCAC name CIC as an additional insured on its general liability policy:

"**13.1 SUBCONTRACTOR'S INSURANCE**. Prior to start of the Subcontractor's Work, the Subcontractor shall procure for the Subcontractor's Work and maintain in force Worker's Compensation Insurance, Employer's Liability Insurance, Comprehensive General Liability Insurance and all insurance required of the Contractor under the Contractor Documents except as follows:

No exceptions**"** [2]

## CAUSES OF ACTION

**Count I – Declaratory Relief as to Duty to Insure**

10. Arch re-alleges and incorporates by reference herein each allegation contained in paragraphs 1–8 above.

11. BCAC has not responded to Arch's previous tenders for indemnification and defense. Therefore, an actual and justiciable controversy exists between Arch and BCAC

---

[1] *See* Exhibit A, Plaintiff's Original Petition and Jury Demand.
[2] *See* Exhibit B, Subcontract.

concerning the matters alleged, including, in particular, BCAC's duty to provide insurance for CIC for the Reynolds Litigation.

12. Arch therefore seeks a judicial declaration as to Arch's duties regarding insurance to BNSF under the Subcontract, confirming that Arch's contentions, as stated above, are correct. A declaration is necessary at this time in order for the parties' dispute to be resolved and so that they may be aware of their respective rights and duties.

**Count II – Declaratory Relief as to Duty to Defend and Indemnify**

13. Arch re-alleges and incorporates by reference herein each allegation contained in paragraphs 1–15 above.

14. BCAC has not responded to Arch's multiple attempts to contact it regarding this dispute. Therefore, an actual and justiciable controversy exists between Arch and BCAC concerning the matters alleged, including, in particular, Arch's duty to provide defense and indemnity for BNSF for the Reynolds Litigation.

15. Arch therefore seeks a judicial declaration as to BCAC's duties regarding defense and indemnity for BNSF under the Staffing Agreement and Policy, confirming that Arch's contentions, as stated above, are correct. A declaration is necessary at this time in order for the parties' dispute to be resolved and so that they may be aware of their respective rights and duties.

**PRAYER**

WHEREFORE, Arch prays for judgment as follows:

1. On Count I against BCAC, for a declaration in accord with its allegations.

2. On Count II against BCAC, for a declaration in accord with its allegations.

3. On all causes of action against BCAC, for:

    a. BCAC to appear and answer;

    b.    Arch's costs of suit incurred herein;

    c.    Interest; and

    d.    Such other and further relief as may be deemed just and proper.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH**

*/s/ Mark R. Pharr, III*
Mark R. Pharr, III
  State Bar No. 15898950
  Federal I.D. No. 12919
  tiger@gallowaylawfirm.com
B. Eric Berkley
  State Bar No. 24004548
  eberkley@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254
**ATTORNEYS FOR DEFENDANTS**