IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARCH SPECIALTY INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00264-O |
| | § | |
| BCAC UNDERGROUND, LLC, | § | |
| | § | |
| Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Motion for Default Judgment Against Defendant BCAC Underground, LLC. ("BCAC") filed by Plaintiff Arch Specialty Insurance Company ("Arch"). ECF No. 12. United States District Judge Reed O'Connor referred the Motion to the undersigned for a hearing, if necessary, and final determination under 28 U.S.C. § 636(b). ECF No. 13. Having considered the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion.

I.     BACKGROUND

Arch brings this case for declaratory relief as the insurer of Coleman Industrial Construction ("CIC") regarding BCAC's obligation to defend and indemnify BSNF Railway Company ("BSNF"). ECF No. 1. On or about May 21, 2019, CIC entered into a Subcontract for Building Construction (the "Subcontract") with BCAC. ECF No. 3 at 2. The Subcontract concerned work that CIC and BCAC would undertake at the BSNF Railyard/Eastern Fuel Pad in Amarillo, Texas. *Id.* Subsequently, Wyatt Reynolds sued CIC and BSNF in County Court at Law No. 1, Tarrant County, Texas, for personal injuries he sustained at his workplace (the "Reynolds Litigation"). *Id.* at 3.

1

BSNF tendered the defense of the Reynolds Litigation to CIC and demanded that CIC indemnify it pursuant to a Construction Services Agreement between them. *Id*. As CIC's insurer, Arch tendered the defense and indemnity demand to BCAC pursuant to the Subcontract. *Id.* BCAC has not responded to Arch. *Id.*

The Subcontract provides in relevant part:

> **12.1 SUBCONTRACTOR'S PERFORMANCE**. To the fullest extent permitted by law, [BCAC] shall indemnify and hold harmless [BNSF], the Architect, [Coleman] (including its affiliates, parents and subsidiaries) . . . from and against all claims, damages, loss and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of [BCAC's] Work.

> **13.1 SUBCONTRACTOR'S INSURANCE**. Prior to start of the Subcontractor's Work, the Subcontractor shall procure for the Subcontractor's Work and maintain in force Worker's Compensation Insurance, Employer's Liability Insurance, Comprehensive General Liability Insurance and all insurance required of the Contractor under the Contractor Documents except as follows: No exceptions"

*Id.*; *see also* ECF No. 3-2 at 11.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 55(a). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default and the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(1)-(2).

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal

quotation marks omitted). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *Id.* (citing *Lindsey*, 161 F.3d at 893). The *Lindsey* factors inform this first inquiry. *Id.* Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Lindsey*, 161 F.3d at 893.

Second, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

"Third, courts determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr.*,

*Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) "The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*; *see also* Fed. R. Civ. P. 55(b)(2) (Courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

While the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments[,]" this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . largely within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (internal quotation marks and citation omitted) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 ("[D]efault judgments are 'draconian' sanctions that the district court should impose only as a last resort.").

## III.   ANALYSIS

Arch seeks entry of a default judgment on the Complaint's request for a declaration that BCAC owes "a duty to provide insurance coverage and duty to defend and indemnify under the insurance policy for the claims asserted against [CIC] and [BNSF] in the Reynolds [Litigation]." ECF No. 12 at 8-9. After conducting the three-part analysis for the requested relief set forth in *Morelia*, the undersigned concludes that Judge O'Connor should **GRANT** Arch's Motion.

### A.    Default Judgment is Procedurally Warranted.

Arch has sufficiently established the first of the three prongs. Under *Lindsey*, courts consider six factors in evaluating the first prong. *See* 161 F.3d at 893. Here, each of the six factors supports default judgment.

First, no material issues of fact remain on Arch's claims. Its pleadings state particular facts to show: (1) BCAC is subject to the Subcontract; (2) Arch has tendered requests for defense and indemnification; (3) the Subcontract required BCAC to provide a defense and indemnification; and (4) BCAC has failed to respond to Arch's requests. *See* ECF Nos. 3; 3-1; 12.

Second, nothing here shows that the "substantial prejudice" requirement undermines Arch's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. The third and fourth elements also support default judgment because the grounds of BCAC's default are clearly established, and nothing indicates that its default was due to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. To date BCAC has failed to file any pleadings with the Court, despite having abundant opportunities to do so. Accordingly, the fifth factor supports default judgment, as a judgment by default is not too harsh when the defaulting party has had every opportunity to plead its cause but did not do so. *Id.* Finally, given the clear satisfaction of the above elements, nothing indicates that the Court would "be obliged to set aside the default"

upon motion from the defendant. *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense").

With each of the six *Lindsey* factors supporting default judgment on Arch's claims, its claims survive the step-one analysis. *See Morelia*, 126 F. Supp. 3d at 813.

### B.    Arch's Pleadings Establish a Sufficient Basis for Default Judgment.

At step two, the Court must examine the substantive merits of Arch's claims and determine whether the pleadings establish a sufficient basis for default judgment on the merits. *See Nishimatsu*, 515 F.2d at 1206.

Arch seeks a declaration that BCAC owes a duty to defend and indemnify under the Subcontract. ECF Nos. 3; 12 at 8-9. When considering a declaratory judgment action, the Court must ask "(1) whether an 'actual controversy' exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (internal quotation marks omitted). "Actual controversy" refers to the Article III case-or-controversy requirement. *Id.* (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007)).

Arch has pleaded sufficient facts to show that there is an actual controversy between the parties, and "nothing before the Court indicates that there is a pending state-court proceeding that would divest the Court of its authority to grant declaratory relief." *Primerica Life Ins. Co. v. Cruz*, No. 3:21-cv-02419-E, 2023 WL 373886, at *6 (N.D. Tex. Jan. 24, 2023), *appeal dismissed*, No. 23-10306, 2023 WL 6237270 (5th Cir. June 14, 2023).

Here, Arch has pleaded facts sufficient to show that BCAC owes a duty to defend and indemnify. ECF No. 3. Also, it has pleaded facts sufficient to show that BCAC has failed to do so. *Id*. Accordingly, the Court finds that because Arch's pleadings establish a sufficient basis for default judgment, it has successfully satisfied the second prong.

### C.       Arch Should Receive a Declaratory Judgment.

Default judgment is appropriate against BCAC. But the Court's inquiry does not end there. The Court must now "determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 814. This is the only step in the inquiry where the Court does not assume the truth of the pleadings. *See Shipco*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). Generally, plaintiffs cannot summarily provide the Court with figures for damages or attorney's fees without explanation. Rather, they must "establish[] the necessary facts," either through detailed affidavits or an evidentiary hearing, to make the amount "capable of mathematical calculation." *United Artists*, 605 F.2d at 857. Here, Arch seeks only declaratory relief, not monetary damages. ECF No. 12 at 8-9. Because it seeks no monetary damages, there is no need for a hearing. *See United Artists*, 605 F.2d at 857. Granting declaratory relief is within the Court's "broad discretion." *Frye*, 953 F.3d at 294. Accordingly, Judge O'Connor should enter declaratory judgment that BCAC owes a duty to provide insurance coverage and a duty to defend and indemnify under the insurance policy for the claims asserted against CIC and BNSF in the Reynolds Litigation.

## IV.    CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion for Entry of Default Judgment (ECF No. 12) and **ENTER default judgment**

in favor of Plaintiff Arch Specialty Insurance Company against Defendant BCAC Underground, LLC for declaratory relief as stated above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 12, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE